UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Angela DiPilato,<br><br>                    Plaintiff,<br><br>          -against-<br><br>7-Eleven, Inc., Jeanne Lynch, Martina Hagler<br>and Arthur Rubinett,<br><br>                    Defendants. | 07 CV 7636 (CLB) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND MOTION TO STRIKE PURSUANT TO FED. R. CIV. P. 12(f)**

BARTON BARTON & PLOTKIN LLP
*Attorney for Defendants*
420 Lexington Avenue, 18th Floor
New York, NY  10170
*Tel:*  (212) 687-6262
*Fax:* (212) 687-3667

September 17, 2007

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................1

STATEMENT OF FACTS .........................................................................................3

LEGAL ARGUMENT.................................................................................................5

POINT I:        PLAINTIFF'S FIRST CAUSE OF ACTION FAILS TO STATE
ANY CLAIM UPON WHICH RELIEF MAY BE GRANTED .........................6

POINT II:       PLAINTIFF'S SECOND AND EIGHTH CAUSES OF ACTION
FAIL TO STATE A CLAIM FOR VIOLATION OF TITLE VII
OR THE NEW YORK HUMAN RIGHTS LAW ................................6

A.        Plaintiff's Second Cause Of Action Under Title VII Fails As A Matter Of
Law Because It Does Not Apply To Discrimination In Franchising...............................6

B.        Plaintiff's Eighth Cause Of Action Under The NYHRL Fails As A Matter
Of Law Because It Does Not Apply To Discrimination In Franchising.........................7

C.        Individuals Cannot Be Held Liable Under Title VII .......................................8

POINT III:      THE INTRACORPORATE CONSPIRACY DOCTRINE BARS
PLAINTIFF'S THIRD CAUSE OF ACTION ....................................9

POINT IV:      PLAINTIFF'S FOURTH CAUSE OF ACTION FAILS TO
STATE A CLAIM FOR VIOLATION OF THE ADEA...................................10

POINT V:       PLAINTIFF'S FIFTH CAUSE OF ACTION FAILS TO
STATE A CLAIM FOR RELIEF UNDER THE U.S. CONSTITUTION .........11

POINT VI:      PLAINTIFF'S SIXTH CAUSE OF ACTION FAILS TO
STATE A CLAIM FOR RELIEF UNDER THE NEW YORK
CONSTITUTION ...........................................................................11

POINT VII:     PLAINTIFF'S SEVENTH CAUSE OF ACTION FAILS TO
STATE A CLAIM FOR RELIEF FOR VIOLATION OF NEW
YORK EXECUTIVE LAW § 291.....................................................12

POINT VIII:    PLAINTIFF'S NINTH CAUSE OF ACTION FAILS TO
STATE A CLAIM FOR RELIEF FOR VIOLATION OF NEW
YORK EXECUTIVE LAW SECTION 296 1-A...............................13

POINT IX:    PLAINTIFF'S TENTH CAUSE OF ACTION FAILS TO
STATE A CLAIM FOR RELIEF FOR VIOLATION OF NEW
YORK EXECUTIVE LAW SECTION 296(6) ...................................................13

POINT X:    PLAINTIFF'S ELEVENTH CAUSE OF ACTION FAILS TO
STATE A CLAIM FOR RELIEF FOR VIOLATION OF NEW
YORK CIVIL RIGHTS LAW SECTION 40-C .................................................15

POINT XI    PLAINTIFF'S CLAIM FOR AFFIRMATIVE RELIEF IN THE
FORM OF REQUIRING 7-ELEVEN TO MAKE A FRANCHISE
AVAILABLE TO PLAINTIFF SHOULD BE DISMISSED
AND STRICKEN .............................................................................................15

CONCLUSION................................................................................................................16

# TABLE OF AUTHORITIES

## Cases

Anghel v. Saint Francis Hosp. and Medical Center, 2005 WL 736837 (D.Conn. 2005) ............. 10

ATSI Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87 (2d Cir. 2007) ............................ 5

Aurecchione v. New York State Div. of Human Rights, 98 N.Y.2d 21, 771 N.E.2d 231, 744
    N.Y.S.2d 349 (2002)................................................................................................................ 12

Bailey v. Synthes, 295 F.Supp.2d 344 (S.D.N.Y. 2003) ............................................................. 10

Bass v. World Wrestling Fedn. Entertainment, Inc., 129 F.Supp.2d 491 (2001) ........................ 13

Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)...................................................................... 5

Bernas v. Cablevision Systems Corp., 215 Fed.Appx. 64, 2007 WL 397395 (2d Cir. 2007) ...... 10

Brown v. State, 89 N.Y.2d 172, 652 N.Y.S.2d 223, 674 N.E.2d 1129 (1996)............................. 11

Chun Suk Bak v. Flynn Meyer Sunnyside, Inc.  285 A.D.2d 523, 727 N.Y.S.2d 656, 2001 N.Y.
    Slip Op. 06258 (N.Y.A.D. 2 Dept. 2001).............................................................................. 14

Citibank, N.A. v. K-H Corp., 968 F.2d 1489 (2d Cir. 1992) ......................................................... 5

Conley v. Gibson, 355 U.S. 41 (1957)............................................................................................ 5

DeLuca v. Allied Domecq Quick Service Restaurants, 2006 WL 1662611 (E.D.N.Y. 2006)....... 6

Forrest v. Jewish Guild for the Blind, 765 N.Y.S.2d 326 (N.Y. App. Div. 2003) ........................ 7

Giaimo & Vreeburg v. Smith, 192 A.D.2d 41, 599 N.Y.S.2d 841 (NYAD 2 Dept. 1993).......... 14

Goodman Mfg. Co. L.P. v. Raytheon Co., 1999 WL 681382 (S.D.N.Y. 1999)........................... 15

Hayut v. State Univ. of N.Y., 352 F.3d 733 (2d Cir. 2003).......................................................... 11

Herrman v Moore, 576 F.2d 453 (2d Cir. 1978)............................................................................ 9

Hudson v. Clark, 319 F.Supp.2d 347 (W.D.N.Y. 2004)............................................................... 11

Hyland v. New Haven Radiology Assocs., 794 F.2d 793 (2d Cir. 1986).................................... 10

Johnson v. Metropolitan Sewer Dist., 926 F.Supp 874 (E.D. Mo. 1996)................................... 15

Jones on Behalf of Michele v. Board of Educ. of City School Dist. of City of New York, 632
    F.Supp. 1319 (E.D.N.Y. 1986).................................................................................................. 6

Kremer v. Chemical Constr. Corp., 456 U.S. 461 (1982)................................................. 9

Leeds v. Meltz, 85 F.3d 51 (2d Cir. 1996)..................................................................... 11

Matrix Group, Inc. v. Ford Motor Credit Co., 2004 WL 2742835 (E.D.Pa. 2004)....................... 7

Matter of Board of Higher Educ. of City of N.Y. v. Carter, 14 N.Y.2d 138, 250 N.Y.S.2d 33, 199 N.E.2d 141 ........................................................................................................... 13

McMenemy v. City of Rochester, 241 F.3d 279 (2d Cir. 2001).................................................. 8

Miss Greater New York City Scholarship Pageant v. Miss New York State Scholarship Pageant, 526 F.Supp. 806 (S.D.N.Y. 1981) .................................................................... 6, 7

Mohawk Power Corp. v. Graver Tank & Mfrg. Co., 470 F.Supp. 1308 (N.D.N.Y. 1979) .......... 15

Murphy v. ERA United Rlty., 251 A.D.2d 469 (1998) ...................................................... 13, 14

Patel v. Searles, 305 F.3d 130 (2d Cir. 2002), cert. denied, 538 U.S. 907 (2003) ........................ 5

Pazamickas v. N.Y.S. Office of Mental Retardation, 963 F.Supp. 190 (N.D.N.Y. 1997) ............. 7

People v. Kern, 75 N.Y.2d 638, 554 N.E.2d 1235, 555 N.Y.S.2d 647 (1990)............................ 11

Phillip v. Univ. of Rochester, 316 F.3d 291 (2d Cir. 2003).................................................... 5

Quinn v. Nassau County Police Dept., 53 F.Supp.2d 347 (E.D.N.Y. 1999) ................................ 9

Salgado v. City of New York, 2001 WL 290051 (S.D.N.Y. 2001)................................................ 9

Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236 (2d Cir. 2002)....................................... 5

Spellman v. Papillon Salons & Co., Inc., 2004 WL 242698 (N.Y. Sup. 2004)........................... 13

Stamm v. New York City Transit Authority  2006 WL 1027142 (E.D.N.Y. 2006).................... 14

State Div. of Human Rights on Complaint of Kozlowski v. State, Executive Dept., Div. of State Police  62 A.D.2d 617, 406 N.Y.S.2d 401 (N.Y.A.D. 1978) .................................... 12

State Div. of Human Rights v. Board of Co-op. Educ. Services, 98 A.D.2d 958, 470 N.Y.S.2d 209 (N.Y.A.D. 4 Dept. 1983) ............................................................ 12

Steadmen v. Sinclair, 223 A.D.2d 392 (1996) ............................................................ 13

Tagare v. Nynex Network Sys. Co., 994 F.Supp. 149 (S.D.N.Y. 1997) ....................................... 7

Tomka v. Seiler Corp., 66 F.3d 1295 (2d Cir. 1995)........................................................... 7, 8, 14

Travelers Int'l AG v. Trans World Airlines, 722 F.Supp. 1087 (S.D.N.Y. 1987) ....................... 15

Tyler v. Bethlehem Steel Corp., 958 F.2d 1176 (2d Cir. 1992) ...................................... 7

Under 21 v. City of New York, 65 N.Y.2d 344, 492 N.Y.S.2d 522, 482 N.E.2d 1 (1985).......... 11

Weinbaum v. Cuomo  219 A.D.2d 554, 631 N.Y.S.2d 825 (N.Y.A.D. 1 Dept. 1995) ............... 14

Wrighten v. Glowski, 232 F.3d 119 (2d Cir. 2000)...................................................... 8

## **Statutes**

U.S. Const., Amd. 1 ............................................................................................ 10

U.S. Const., Amd. 8 ............................................................................................ 10

U.S. Const., Amd. 16 .......................................................................................... 10

U.S. Const., Amd. 17 .......................................................................................... 10

29 U.S.C. § 621 ................................................................................................. 2

42 U.S.C. § 1985(3) ......................................................................................... 2, 8

42 U.S.C. § 2000e *et seq.*................................................................................... 2

42 U.S.C. § 2000e-2........................................................................................... 6

N.Y. Exec. Law § 291 ........................................................................................ 11

N.Y. Gen. Bus. Law § 681 .................................................................................... 8

N.Y. Const. Art. I, § 11 ...................................................................................... 11

N.Y. Exec. Law § 296(1)(a).................................................................................. 7

## **Rules**

Fed. R. Civ. Pro. 12(b)(6) ............................................................................... 1, 2, 5

Fed. R. Civ. Pro. 12(f)......................................................................................... 1

Fed. R. Civ. Pro. 8(a) .......................................................................................... 6

## PRELIMINARY STATEMENT

Defendants 7-Eleven, Inc. ("7-Eleven"), Arthur Rubinett, Martina Hagler and Jeanne Lynch (collectively "Defendants") have moved this Court to dismiss the Complaint in its entirety pursuant to Fed. R. Civ. Pro. 12(b)(6).  Defendants have also moved pursuant to Fed. R. Civ. Pro. 12(f) to strike Plaintiff's request for specific performance.

Plaintiff's Complaint is based upon events occurring during the application process to become a 7-Eleven franchisee.  Plaintiff applied to become a franchisee in February 2007.  Plaintiff was informed by letter that her application for a franchise was denied in March and April 2007.  The letters stated that "7-Eleven has determined that it is not in our mutual best interest to pursue the possibility of franchising a 7-Eleven store to you at this time."  Plaintiff alleges that Defendants denied her franchise application on the basis of her age, sex, gender, color, and national origin.

Plaintiff's Complaint attempts to frame her franchise application with 7-Eleven as being an application for employment with 7-Eleven simply by referring to it as an application to become a "franchisee/employee."  This is simply untrue.  Plaintiff only applied to become a 7-Eleven franchisee.  (*Declaration of Martina L. Hagler* ¶ 3, 6 & Exh. A [hereafter *Hagler Decl.*]).  The mischaracterization of the application as one of employment is contradicted by Plaintiff herself in the Complaint.  For example, Plaintiff states she "thoroughly reviewed the requirements stated by 7-Eleven, Inc. to become a *franchisee*."  (*Compl. at ¶ 12* (emphasis added)).  Throughout her Complaint, Plaintiff refers to her "franchise" application, her alleged qualifications to run a 7-Eleven "franchise" and her interactions with the 7-Eleven "Franchise" Department.  (*Compl. at ¶ 11, 12, 13, 14, 15, 18, 19, 20, 22*).  Plaintiff also acknowledges that

the EEOC dismissed her charge of discrimination because no employer/employee relationship existed. (*Compl. at ¶ 10 & Exhibit A*). Plaintiff only applied to become a franchisee.

Plaintiff's Complaint includes statutory discrimination claims based on the nonexistent employment relationship between Plaintiff and 7-Eleven. Plaintiff's Complaint also includes other statutory discrimination claims that are not actionable based on the facts alleged. Indeed, all of the claims in the Complaint are subject to dismissal under Rule 12(b)(6).

Plaintiff's First Cause of Action does not assert any legal basis for a claim for relief and thus does not state a claim upon which relief may be granted.

Plaintiff's Second Cause of Action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Title VII applies only to discrimination in employment. Plaintiff's Eighth and Ninth Causes of Action arise under New York State Executive Law 296, which applies only to employers. Similarly, Plaintiff's Fourth Cause of Action arises under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*., which protects individuals 40 years of age or older from *employment discrimination* based on age. These claims should be dismissed because Plaintiff only applied to become a franchisee.

Plaintiff's Third Cause of Action arises under 42 U.S.C. § 1985(3) for conspiracy to interfere with civil rights. This claim should be dismissed because officers, agents and employees of a single corporate entity are incapable of conspiring together.

Plaintiff's Fifth Cause of Action arises under the First, Eighth, Sixteenth and Seventeenth Amendments of the U.S. Constitution. There is no allegation in the Complaint that Defendants are state actors. Because there is no state action alleged, no constitutional claim lies against Defendants. Likewise, Plaintiff's Sixth Cause of Action arises under Article 1, section 11 *et seq*.

of the New York Constitution.  Again, because there is no allegation that Defendants are state actors, no state constitutional cause of action lies against Defendants.

Plaintiff's Seventh Cause of Action arises under New York Executive Law § 291. Section 291 declares employment opportunities without discrimination to be a civil right, but it does not provide an independent claim for relief.  Alternatively, violations of the NYHRL are redressed through Section 296, which Plaintiff has asserted in her Eighth and Ninth Claims for Relief.  Accordingly, Plaintiff's claim under Section 291 should be dismissed.

Plaintiff's Tenth Claim for Relief arises under New York Executive Law § 296(6), which forbids any person to aid, abet, incite, compel or coerce the doing of any forbidden acts under the NYHRL.  Because Plaintiff cannot demonstrate that any defendant committed any predicate act of discrimination under the NYHRL, the individual defendants cannot be held liable for aiding and abetting any discriminatory conduct.

Plaintiff's Eleventh Claim for Relief arises under New York Civil Rights Law § 40-C.  In addition to failing to state a viable claim for relief under this statute, Plaintiff did not follow the statutory prerequisite of informing the Attorney General of this claim and therefore it must be dismissed.

Plaintiff also seeks specific performance in the form of requiring 7-Eleven to award a franchise to Plaintiff.  Because specific performance is not an appropriate remedy in the absence of a valid contractual relationship, the Court should dismiss and strike this claim for relief.

## STATEMENT OF FACTS

7-Eleven is a Texas corporation that owns, operates and franchises food stores under the trademarked name "7-Eleven."  (*Hagler Decl.* ¶ 2).  7-Eleven franchisees operate 7-Eleven food

stores pursuant to a written independent contractor franchise agreement.  (*Id.* ¶ 6).  7-Eleven franchisees are not employees of 7-Eleven.  (*Id.*).

Plaintiff is a 43 year old female.  (*Compl. at ¶ 5*).  In February 2007, Plaintiff applied to become a 7-Eleven franchisee.  (*Id. at ¶ 11; Hagler Decl. ¶ 3, 6 & Exh. A*).  Plaintiff did not apply to become a 7-Eleven employee.  (*Hagler Decl. ¶ 6*).

On or about March 20, 2007, Plaintiff contacted 7-Eleven's National Franchise Sales Coordinator Jeanne Lynch to inquire about her franchise application.  (*Compl. at ¶ 13*).  Plaintiff again contacted 7-Eleven on or about April 13, 2007, in regard to her franchise application.  (*Id. ¶ 14*).  This time Plaintiff spoke with the Franchise Sales Manager, Martina Hagler, who informed Plaintiff that her franchise application had been denied.  (*Id.*).

In April 2007, Plaintiff received a letter confirming that 7-Eleven had denied her application for a franchise, stating that 7-Eleven had determined that it was not in the best interests of Plaintiff and 7-Eleven to pursue the possibility of franchising a 7-Eleven store to her at that time.  (*Compl. at ¶ 15; Hagler Decl. ¶¶ 3-4*).  After receiving the letter, Plaintiff again contacted Hagler in regard to her franchise application.  (*Compl. at ¶ 18*).  Hagler did not provide Plaintiff with a further explanation as to why Plaintiff's franchise application was denied.  (*Id.*).  7-Eleven subsequently received a letter from Plaintiff requesting a further explanation of the denial of her franchise application.  (*Id. at ¶ 19*).  On or about April 17, 2007, 7-Eleven responded to Plaintiff's letter, informing Plaintiff that her franchise application was denied based on the investigation of Lynch and Hagler.

On August 27, 2007, Plaintiff filed an eleven count Complaint with this Court based on 7-Eleven's decision to deny Plaintiff's application for a 7-Eleven franchise.  Plaintiff alleges that 7-Eleven made the decision to deny her franchise application because of her age, sex, gender,

color and national origin, "among other things."  Plaintiff further asserts that 7-Eleven did not properly investigate or assess her franchise application, and the denial of her franchise application was the result of debasing, humiliating and discriminatory conduct.  (*Compl. at ¶ 22, 24*).  Based on her allegations, Plaintiff seeks a judgment against 7-Eleven in the amount of $50,000,000, compensatory damages, lost income, and an order awarding Plaintiff a 7-Eleven franchise in New York that has a gross income of $1,000,000 per year.

## LEGAL ARGUMENT

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a court to dismiss a complaint for failure to state a claim upon which relief may be granted.  Fed. R. Civ. Pro. 12(b)(6).  In reviewing a motion to dismiss, the Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the non-moving party.  See Patel v. Searles, 305 F.3d 130, 134-35 (2d Cir. 2002), *cert. denied,* 538 U.S. 907 (2003).  A motion to dismiss will only be granted if plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief.  See Citibank, N.A. v. K-H Corp., 968 F.2d 1489, 1494 (2d Cir. 1992).  "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (internal citation omitted).  "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.' "  ATSI Communications, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007)).

**POINT I:     PLAINTIFF'S FIRST CAUSE OF ACTION FAILS TO STATE ANY CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

Plaintiff First Cause of Action fails to state any claim upon which relief may be granted and should be dismissed.  Plaintiff does not cite any legal basis or authority for her First Cause of Action.  While "[a] complaint need only 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests,' " Phillip v. Univ. of Rochester, 316 F.3d 291, 293 (2d Cir. 2003) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)), "[a] pleading ... [must] contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a).  No such statement is contained in Plaintiff's First Cause of Action. Accordingly, the Court should dismiss Plaintiff's First Cause of Action with prejudice.

**POINT II:    PLAINTIFF'S SECOND AND EIGHTH CAUSES OF ACTION FAIL TO STATE A CLAIM FOR VIOLATION OF TITLE VII OR THE NEW YORK HUMAN RIGHTS LAW.**

**A.     Plaintiff's Second Cause of Action Under Title VII Fails As A Matter Of Law Because It Does Not Apply To Discrimination In Franchising.**

Plaintiff bases her Second Cause of Action on Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000a and 2000e-2.  Section 2000e-2 provides in pertinent part:

(a) It shall be an unlawful employment practice for an employer-

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2.  By its terms, "[t]his section only applies in an employer-employee situation." Jones on Behalf of Michele v. Board of Educ. of City School Dist. of City of New

York, 632 F.Supp. 1319, 1327 (E.D.N.Y. 1986) (quoting Miss Greater New York City Scholarship Pageant v. Miss New York State Scholarship Pageant, 526 F.Supp. 806, 808 (S.D.N.Y. 1981)). Here, Plaintiff applied to become a 7-Eleven franchisee. (*Hagler Decl.* ¶ 3, 6). Franchisees are not employees. See Miss Greater New York City, 526 F.Supp at 808.

A franchise relationship is a business relationship and does not constitute an employment relationship. See DeLuca v. Allied Domecq Quick Service Restaurants, 2006 WL 1662611, *11-12 (E.D.N.Y. 2006). No court has found that a franchisor could be considered the employer of its franchisees. Matrix Group, Inc. v. Ford Motor Credit Co., 2004 WL 2742835, *4 (E.D.Pa. 2004). Since there was not, nor was there even potentially, an employment relationship between Plaintiff and 7-Eleven, there is no basis for a claim of employment discrimination. Miss Greater New York City, 526 F.Supp. at 808. Accordingly, the Court should dismiss Plaintiff's Second Cause of Action with prejudice.

### B. Plaintiff's Eighth Cause of Action Under The NYHRL Fails As A Matter Of Law Because It Does Not Apply To Discrimination In Franchising.

Plaintiffs Eighth Cause of Action arises under New York Executive Law § 296(1)(a) (the New York Human Rights Law ("NYHRL")), which prohibits the same conduct as Title VII and has the same requirements as those for a Title VII claim. Pazamickas v. N.Y.S. Office of Mental Retardation, 963 F.Supp. 190, 194 n.4 (N.D.N.Y. 1997); see Tomka v. Seiler Corp., 66 F.3d 1295, 1304 n.4 (2d Cir. 1995). The standards for liability under Section 296 are the same as those under the equivalent federal antidiscrimination laws. See Forrest v. Jewish Guild for the Blind, 765 N.Y.S.2d 326, 332-33 (N.Y. App. Div. 2003). "New York courts have consistently looked to federal caselaw in expounding the Human Rights Law." Tyler v. Bethlehem Steel Corp., 958 F.2d 1176, 1180 (2d Cir. 1992).

7

Plaintiff and 7-Eleven did not maintain an employment relationship and Plaintiff did not apply to become a 7-Eleven employee. (*Hagler Decl.*). The franchise application process is not covered by Title VII and likewise not covered by the NYHRL. Tagare v. Nynex Network Sys. Co., 994 F.Supp. 149, 159 (S.D.N.Y. 1997) (NYHRL applies solely to employees and not independent contractors). New York franchise law further indicates that the potential franchise relationship alleged in Plaintiff's Complaint is not covered by NYHRL. Under NY General Business Law a "franchise" means a contract or agreement with a franchisee being granted the right to engage in the business of offering, selling, or distributing goods or services. N.Y. Gen. Bus. Law § 681. Title VII and the NYHRL protect against unlawful *employment* practices of employers - not against "boorish behavior among business associates." See McMenemy v. City of Rochester, 241 F.3d 279, 283 (2d Cir. 2001) (emphasizing the requirement that retaliation claim be supported by opposition to an "unlawful *employment practice*"). Neither New York nor Federal law equate a franchise relationship to an employment relationship.

Beyond the conclusory use of the word "employment," the Complaint does not allege that 7-Eleven was Plaintiff's potential employer. The Complaint only specifically alleges that Plaintiff attempted to enter into a franchise relationship. Defendants have presented the Court with evidence that only a franchise was applied for, not a position of employment. (See *Hagler Decl.*). Franchise relationships are not within the purview of the NYHRL, particularly Section 296(1). Accordingly, Plaintiff's Eighth Cause of Action should be dismissed with prejudice.

### C.    Individuals Cannot Be Held Liable Under Title VII.

It is well-settled that "individuals are not subject to liability under Title VII." Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000); *see also* Tomka, 66 F.3d at 1313 (holding that

"individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII").  As such, Plaintiff's Second Cause of Action against individual defendants Arthur Rubinett, Jeanne Lynch and Martina Hagler should be dismissed with prejudice.

**POINT III:    THE   INTRACORPORATE   CONSPIRACY   DOCTRINE   BARS PLAINTIFF'S THIRD CAUSE OF ACTION.**

Plaintiffs Third Cause of Action arises under 42 U.S.C. § 1985(3) for conspiracy to deprive Plaintiff of her civil rights.  Plaintiff alleges that Defendants engaged in conspiracy to deprive her of her rights secured by the U.S. Constitution.  This claim fails, however, because officers, agents and employees of the same entity cannot conspire together.

Section 1985(3) provides:

> If two or more persons in any state… conspire… for the purpose of depriving, either directly or indirectly, any person of class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws … the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation against any one or more of the conspirators.

42 U.S.C. § 1985(3).  The intracorporate conspiracy doctrine provides that "officers, agents and employees of a single corporate entity are legally incapable of conspiring together."  Salgado v. City of New York, 2001 WL 290051, *8-9 (S.D.N.Y. 2001) (citing Herrman v Moore, 576 F.2d 453, 459 (2d Cir. 1978); Girard v. 94th St. and Fifth Ave. Corp., 530 F.2d 66, 71-72 (2d Cir. 1976)); see also Quinn v. Nassau County Police Dept., 53 F.Supp.2d 347, 359 (E.D.N.Y. 1999).

All of the alleged co-conspirators here are 7-Eleven employees who are alleged to have acted in their capacity as employees.  Plaintiff alleges that 7-Eleven employees Lynch, Hagler and Rubinett acted in concert each other to discriminate against her and deny her a 7-Eleven franchise.  Plaintiff specifically alleges that Defendants acted as agents of 7-Eleven.  Defendants are therefore all part of a single corporate entity, 7-Eleven, Inc.  Accordingly, Plaintiff's Third

Cause of Action should be dismissed with prejudice pursuant to the intracorporate conspiracy doctrine.

**POINT IV:     PLAINTIFF'S FOURTH CAUSE OF ACTION FAILS TO STATE A CLAIM FOR VIOLATION OF THE ADEA.**

Plaintiff's Fourth Cause of Action arises under the Age Discrimination in Employment Act of 1967 ("ADEA").  For the same reason that Plaintiff's Second Cause of Action under Title VII should be dismissed, Plaintiff's Fourth Cause of Action should be dismissed.

"The purpose of Title VII and the ADEA is to ensure equality of *employment opportunities* by eliminating those practices and devices that discriminate based on invidious criteria." Kremer v. Chemical Constr. Corp., 456 U.S. 461 (1982) (emphasis added).  In order to bring an action under the ADEA, a plaintiff must be an employee suing a former or current employer.  See Hyland v. New Haven Radiology Assocs., 794 F.2d 793, 796 (2d Cir. 1986) ("The ADEA's protection extends only to those individuals who are in a direct employment relationship with an employer.").  Plaintiff was never an employee, or even an applicant for employment with 7-Eleven.  Although Plaintiff's Complaint refers to her "franchise/employment application," the relationship Plaintiff applied for was only a franchise relationship.  (*Hagler Decl. ¶ 3, 6 & Exh. A*).

Franchisees are not employees of the franchisor. Absent an employment relationship, Plaintiff cannot state a claim against 7-Eleven under the ADEA.  As such, Plaintiff's Fourth Cause of Action should be dismissed with prejudice.  In addition, there is no individual liability under the ADEA. Bailey v. Synthes, 295 F.Supp.2d 344 (S.D.N.Y. 2003).  As such, Plaintiff's Fourth Cause of Action against individual defendants Rubinett, Lynch and Hagler should likewise be dismissed with prejudice.

**POINT V:     PLAINTIFF'S FIFTH CAUSE OF ACTION FAILS TO STATE A CLAIM FOR RELIEF UNDER THE U.S. CONSTITUTION.**

Plaintiff's Fifth Cause of Action claims that Defendants violated her constitutional rights under the First, Eighth, Sixteenth and Seventeenth Amendments to the U.S. Constitution.  This claim fails, however, because Plaintiff has not alleged that Defendants were "state actors."  Plaintiff's claims under the First Amendment and other constitutional provisions (which must be brought via 42 U.S.C. § 1983) must be dismissed because Defendants were not state actors. Bernas v. Cablevision Systems Corp., 215 Fed.Appx. 64, 68, 2007 WL 397395, *3 (2d Cir. 2007).   Plaintiff's Eighth Amendment claims, along with her Sixteenth and Seventeenth Amendment claims, must be dismissed for the same reasons.  Anghel v. Saint Francis Hosp. and Medical Center, 2005 WL 736837, *4 (D.Conn. 2005) (citing Hudson v. Clark, 319 F.Supp.2d 347, 351 (W.D.N.Y. 2004)).   "The constitution itself does not give rise to a right of action against private actors."  Id. (citing Leeds v. Meltz, 85 F.3d 51, 54 (2d Cir. 1996)).   Accordingly, the Court should dismiss Plaintiff's Fifth Cause of Action with prejudice.

**POINT VI:     PLAINTIFF'S SIXTH CAUSE OF ACTION FAILS TO STATE A CLAIM FOR RELIEF UNDER THE NEW YORK CONSTITUTION.**

Plaintiff's Sixth Cause of Action for violation of the New York Constitution Article I, § 11, fails as a matter of law because Plaintiff has not alleged that Defendants were "state actors."  Equal protection claims pursuant to section 11 are analyzed similarly to federal Equal Protection Clause claims.  See Hayut v. State Univ. of N.Y., 352 F.3d 733, 754-55 (2d Cir. 2003) (citing Brown v. State, 89 N.Y.2d 172, 190, 652 N.Y.S.2d 223, 674 N.E.2d 1129 (1996)).  Plaintiffs must allege state action.  See People v. Kern, 75 N.Y.2d 638, 653, 554 N.E.2d 1235, 555 N.Y.S.2d 647 (1990); Under 21 v. City of New York, 65 N.Y.2d 344, 360 n. 6, 492 N.Y.S.2d 522, 482 N.E.2d 1 (1985) ("[T]he State constitutional equal protection clause (N.Y.

Const., art. I, § 11) is no broader in coverage than the Federal provision and this equation with the Federal provision extends to the requirement of 'State action' in order for the equal protection clause to be applicable") (citation omitted).  Plaintiff does not allege that Defendants were state actors or that there was any significant state involvement in Defendants' conduct. Accordingly, the Court should dismiss Plaintiff's Sixth Cause of Action with prejudice.

**POINT VII:  PLAINTIFF'S SEVENTH CAUSE OF ACTION FAILS TO STATE A CLAIM FOR RELIEF FOR VIOLATION OF NEW YORK EXECUTIVE LAW § 291.**

Section 291 declares "the opportunity to obtain employment without discrimination because of age, race, creed, color, national origin, sexual orientation, military status, sex or marital status" to be a civil right.  N.Y. Exec. Law § 291.  To ensure the protection of this right, the Legislature "enacted a comprehensive statutory scheme that provides employees with both the means to combat employment discrimination and a framework for redress."  Aurecchione v. New York State Div. of Human Rights, 98 N.Y.2d 21, 25, 771 N.E.2d 231, 232, 744 N.Y.S.2d 349, 350-51 (2002).  The Human Rights Law (Executive Law art. 15), affords employees the opportunity to "obtain employment without discrimination." (Executive Law § 291 [1] ). Section 291, however, does not provide an independent statutory basis for relief and Plaintiff's Seventh Cause of Action should be dismissed for that reason.

Section 296 - which Plaintiff asserts in Causes of Action Eight and Nine - is the proper statutory basis for a claim to rectify an unlawful discriminatory employment practice.  Unlawful discriminatory employment practices are expressly limited to those specified under Sections 296 and 296-a of the Executive Law.  (Executive Law, s 292, subd. 4).  State Div. of Human Rights on Complaint of Kozlowski v. State, Executive Dept., Div. of State Police  62 A.D.2d 617, 622, 406 N.Y.S.2d 401, 404 (N.Y. App. Div. 1978).  As such, Plaintiff has properly asserted her rights under the NYHRL through her Eighth and Ninth Causes of Action, rendering her claim

under Section 291 moot.  Accordingly, Plaintiff's Seventh Cause of Action should be dismissed with prejudice.

**POINT VIII: PLAINTIFF'S NINTH CAUSE OF ACTION FAILS TO STATE A CLAIM FOR RELIEF FOR VIOLATION OF NEW YORK EXECUTIVE LAW SECTION 296 1-a.**

Plaintiffs Ninth Cause of Action asserts that 7-Eleven violated paragraph (b) of subdivision 1-a of section 296 of the Executive Law by denying her admittance to training programs.  Dismissal of this Cause of Action is required because the Complaint does not allege that 7-Eleven was Plaintiff's employer.  Further, the Compliant does not refer to an actual employment training program that Plaintiff was denied access to.

The term "employer" as used in section 296 is intended to be interpreted in its accepted and dictionary meaning.  State Div. of Human Rights v. Board of Co-op. Educ. Services, 98 A.D.2d 958, 958, 470 N.Y.S.2d 209, 210 (N.Y.A.D. 4 Dept. 1983) (citing Matter of Board of Higher Educ. of City of N.Y. v. Carter, 14 N.Y.2d 138, 147, 250 N.Y.S.2d 33, 199 N.E.2d 141).  Section 296 a-1 makes it unlawful for an "employer" to deny or withhold an apprentice training program from any person for discriminatory reasons.  It is not alleged that 7-Eleven or the other Defendants were Plaintiff's employer.  Defendants therefore could not, as a matter of law, have violated Section 296 a-1.  Accordingly, Plaintiff's Ninth Cause of Action should be dismissed with prejudice.

**POINT IX:   PLAINTIFF'S TENTH CAUSE OF ACTION FAILS TO STATE A CLAIM FOR RELIEF FOR VIOLATION OF NEW YORK EXECUTIVE LAW SECTION 296(6).**

Plaintiff's Tenth Cause of Action arises under Executive Law 296(6) which makes it a discriminatory practice "for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under [the NYHRL]," N.Y. Exec. Law § 296(6).  Because Plaintiff cannot

show any underlying predicate act under section 296 by any defendant, Plaintiff's Tenth Cause of Action against the individual defendants should also be dismissed.

Section 296(6) does allow for individual liability.  Plaintiff must show discriminatory conduct on the part of each defendant in this matter to sustain her burden.  Spellman v. Papillon Salons & Co., Inc., 2004 WL 242698, at *2 (N.Y. Sup. 2004).  Here, Plaintiff does not have a claim under the NYHRL because no employment relationship existed or was intended.  As such, because there are no predicate discriminatory acts in violation of the statute, the individual defendants cannot be found to have aided, abetted, incited, compelled or coerced forbidden conduct.

Further, in order to sustain her claim against the three individuals, Plaintiff must show that they had an ownership interest in the business or had the ability to make personnel decisions. Bass v. World Wrestling Fedn. Entertainment, Inc., 129 F.Supp.2d 491 (2001); Murphy v. ERA United Rlty., 251 A.D.2d 469 (1998); Steadmen v. Sinclair, 223 A.D.2d 392 (1996).  Plaintiff must also show that these individuals actually played some role in the discriminatory conduct alleged in this matter.  See Murphy, 251 A.D.2d at 472; see also Tomka, 66 F.3d at 1317.  Only "a defendant who actually participates in the conduct giving rise to a discrimination claim may be held personally liable under the [NYHRL]."  Tomka, 66 F.3d at 1317 (citing cases); see also Stamm v. New York City Transit Authority, 2006 WL 1027142, *13 (E.D.N.Y. 2006).  As such, Plaintiff does not allege that Rubinett and Hagler participated in any discriminatory conduct. Therefore, based on the facts alleged, Rubinett and Hagler cannot be held personally liable under the NYHRL.    Accordingly, Plaintiff's Tenth Cause of Action should be dismissed with prejudice.

**POINT X:    PLAINTIFF'S ELEVENTH CAUSE OF ACTION FAILS TO STATE A CLAIM FOR RELIEF FOR VIOLATION OF NEW YORK CIVIL RIGHTS LAW SECTION 40-C.**

Plaintiff's Eleventh Claim for Relief arises under New York Civil Rights Law Section 40-C . This claim must also be dismissed because Plaintiff points to no particular "civil right" that has been denied her based on race or other protected basis. There simply exists no "right," constitutional or statutory, to own a 7-Eleven franchise. See, e.g., Weinbaum v. Cuomo, 219 A.D.2d 554, 557, 631 N.Y.S.2d 825, 828 (N.Y. App. Div. 1995)

Further, the Complaint fails to state a cause of action under Civil Rights Law §40-c. There is no allegation in the Complaint that Plaintiff provided notice to the Attorney General at or before the commencement of the action as required by Civil Rights Law § 40-d. Chun Suk Bak v. Flynn Meyer Sunnyside, Inc., 285 A.D.2d 523, 727 N.Y.S.2d 656, 657, 2001 N.Y. Slip Op. 06258 (N.Y. App. Div. 2001) (citing Giaimo & Vreeburg v. Smith, 192 A.D.2d 41, 599 N.Y.S.2d 841 (N.Y. App. Div. 1993)). Accordingly, Plaintiff's Eleventh Cause of Action should be dismissed with prejudice.

**POINT XI:    PLAINTIFF'S CLAIM FOR AFFIRMATIVE RELIEF IN THE FORM OF REQUIRING 7-ELEVEN TO MAKE A FRANCHISE AVAILABLE TO PLAINTIFF SHOULD BE DISMISSED AND STRICKEN.**

Plaintiff's request for "a 7-Eleven franchise (business) in New York, specifically, but not limited to Westchester, Bronx, New York or Nassau County which has a gross income of in excess of One Million ($1,000,000.00) Dollars per year to be chosen by the Plaintiff" is, essentially, a request for specific performance of a non-existent contract. As such, this request fails as a matter of law. Accordingly, Defendants have moved to dismiss and moved to strike this claim for relief. A motion to strike under Rule 12(f) is the appropriate vehicle for

eliminating claims for relief that fail as a matter of law. Johnson v. Metropolitan Sewer Dist., 926 F.Supp 874, 875 (E.D. Mo. 1996) (citing 2A Moore's Federal Practice ¶ 12.21[1]).

Plaintiff's request that this Court grant her a 7-Eleven franchise is a demand for specific performance. To prevail on a claim for specific performance under New York law, one of the elements that a plaintiff must establish is the existence of a valid contract. See Travelers Int'l AG v. Trans World Airlines, 722 F.Supp. 1087, 1104 (S.D.N.Y. 1987) (citing Niagara Mohawk Power Corp. v. Graver Tank & Mfrg. Co., 470 F.Supp. 1308, 1324 (N.D.N.Y. 1979)). Specific performance of a contract is generally appropriate when "(1) the contract is valid, (2) plaintiff has substantially performed under the contract and is willing and able to perform its remaining obligations, (3) defendant is able to perform its obligations, and (4) plaintiff has no adequate remedy at law." Goodman Mfg. Co. L.P. v. Raytheon Co., 1999 WL 681382, *10 (S.D.N.Y. 1999). Here, Plaintiff does not allege the existence of a contract between herself and 7-Eleven (or any other Defendant). Indeed, the crux of her case is that she was denied the opportunity to enter into a contractual franchise relationship with 7-Eleven. Accordingly, Plaintiff has no basis for her claim of specific performance and it should be dismissed and stricken from the Complaint.

## CONCLUSION

For the foregoing reasons, Defendants 7-Eleven, Inc., Arthur Rubinett, Martina Hagler and Jeanne Lynch respectfully request that the Court grant their Motion to Dismiss and to Strike, enter an order dismissing Plaintiff's Complaint with prejudice, enter an order striking Plaintiff's request for relief in the form of requiring 7-Eleven to award Plaintiff a 7-Eleven franchise, and granting such other relief as is just under the circumstances.

Dated: September 17, 2007

**BARTON BARTON & PLOTKIN LLP**

By: _ /s/ Thomas P. Giuffra_____
        Thomas P. Giuffra (TG 1274)

*Attorneys for Defendants*
420 Lexington Avenue, 18th Floor
New York, NY 10170
(212) 687-6262

Eric A. Welter (*Motion for admission pro hac vice to be submitted*)
**WELTER LAW FIRM, P.C.**
720 Lynn Street, Suite B
Herndon, Virginia 20170
(703) 435-8500

To:     Angela DiPilato
        541 Pelham Road, Suite 2J
        New Rochelle, New York 10805
        (914) 563-4510