**BARTON BARTON & PLOTKIN LLP**
Thomas P. Giuffra (TG 1274)
420 Lexington Avenue, 18th Fl.
New York, NY 10170
(212) 687-6262
tgiuffra@bartonesq.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Angela DiPilato,<br><br>       Plaintiff,<br><br>  -against-<br><br>7-Eleven, Inc., Jeanne Lynch, Martina Hagler and Arthur Rubinett,<br><br>       Defendants. | 07 cv 7636 (CLB)<br>ECF Case<br><br>**ANSWER AND<br>AFFIRMATIVE DEFENSES** |

  Defendants 7-Eleven, Inc. ("7-Eleven"), Arthur Rubinett, Jeanne Lynch, and Martina Hagler ("Defendants"), submit their Answer and Affirmative Defenses in response to Plaintiff's Complaint with Jury Demand.

**NATURE OF THE CASE**

  1. Defendants deny the allegations of paragraph 1.

**JURISDICTION AND VENUE**

  2. Defendants admit that this Court has jurisdiction over claims brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, as amended, and the Fair Employment and Housing Act. Defendants deny the remaining allegations of paragraph 2.

  3. Defendants admit venue is proper in the Southern District of New York. Defendants deny the remaining allegations of paragraph 3.

  4. Defendants admit venue is proper in the Southern District of New York.

## PARTIES

5. Defendants admit that Plaintiff applied for a 7-Eleven franchise. Defendants further admit that 7-Eleven maintains offices at 115 Broadhollow Road, Suite 300, Melville, New York 11747; and One Arts Plaza, 1722 Routh Street, Suite 1000, Dallas, Texas. Defendants further admit, upon information and belief, that Plaintiff is a 43 year-old female and a citizen of the United States of America and resident of the State of New York. Defendants deny the remaining allegations of paragraph 5.

6. Defendants admit that Defendant Jeanne Lynch is the National Franchise Coordinator for 7-Eleven and that Plaintiff applied for a 7-Eleven franchise. Defendants deny the remaining allegations of paragraph 6.

7. Defendants admit that Defendant Martina Hagler is the Franchise Sales Manager for 7-Eleven in New York, where Plaintiff applied for a 7-Eleven franchise. Defendants deny the remaining allegations of paragraph 7.

8. Defendants admit that Defendant Arthur Rubinett is Senior Counsel for 7-Eleven and that Plaintiff applied for a 7-Eleven franchise. Defendants deny the remaining allegations of paragraph 8.

## PROCEDURAL REQUIREMENTS

9. Defendants admit that on or about May 1, 2007, Plaintiff filed a charge of discrimination based on age with the United States Equal Employment Opportunity Commission. Defendants deny the remaining allegations of paragraph 9.

10. Defendants admit that on June 5, 2007, the EEOC issued a final dismissal of Plaintiff's Charge of Discrimination because no employer/employee relationship existed between

Plaintiff and Defendants. Exhibit A to Plaintiff's Complaint speaks for itself. Defendants deny the remaining allegations of paragraph 10.

11. Defendants admit that on June 5, 2007, the EEOC issued a Dismissal and Notice of Rights to Plaintiff because no employer/employee relationship existed between Plaintiff and Defendants. Exhibit B to Plaintiff's Complaint speaks for itself. Defendants deny the remaining allegations of paragraph 11.

## MATERIAL FACTS

11. Defendants admit that Plaintiff applied for a 7-Eleven franchise on or about February 2, 2007. Defendants deny the remaining allegations of the second paragraph number 11.

12. Defendants deny the allegations of paragraph 12.

13. Defendants deny the allegations of paragraph 13.

14. Defendants admit that on or about April 20, 2007, Plaintiff and Kenneth Frank called Hagler regarding the status of Plaintiff's franchise application. Defendants admit that 7-Eleven does not disclose the reasons for the denial of franchise applications. Defendants further admit that Hagler refused to provide Plaintiff and Frank a reason for the denial of Plaintiff's franchise application over the phone. Defendants deny the remaining allegations of paragraph 14.

15. Defendants admits that on or about March 26, 2007, Defendant Hagler sent Plaintiff a letter regarding her franchise application, and that the letter stated "7-Eleven has determined that it is not in our mutual best interest to pursue the possibility of franchising a 7-Eleven store to you at this time." Defendants deny the remaining allegations of paragraph 15.

16. Defendants deny the allegations of paragraph 16.

17. Defendants deny the allegations of paragraph 17.

18. Defendants admit that Plaintiff and Kenneth Frank called Defendant Hagler in regards to the denial of Plaintiff's franchise application. Defendants admit that Hagler would not provide the basis for denial of Plaintiff's franchise application pursuant to 7-Eleven policy. Defendants deny the remaining allegations of paragraph 18.

19. Defendants admit that a letter dated April 10, 2007, was sent to the 7-Eleven Franchise Department by Plaintiff. Defendants further admit that the April 10, 2007, letter was in reference to the denial of Plaintiff's franchise application. Defendants deny the remaining allegations of paragraph 19.

20. Defendants admit that Rubinett sent Plaintiff a letter on April 17, 2007, in response to Plaintiff's April 10, 2007, letter. Defendants deny the remaining allegations of paragraph 20.

21. Defendants deny the allegations of paragraph 21.

22. Defendants deny the allegations of paragraph 22.

23. Defendants admit that 7-Eleven is an Equal Employment Opportunity company/organization and advertises as such. Defendants deny the remaining allegations of paragraph 23.

24. Defendants deny the allegations of paragraph 24.

25. Defendants deny the allegations of paragraph 25.

### AS AND FOR A FIRST CAUSE OF ACTION

26. Defendants incorporate their responses to paragraphs 1 through 25 of the Complaint as if set forth fully herein.

27. Defendants deny the allegations of paragraph 27.

### AS AND FOR A SECOND CAUSE OF ACTION
### FOR DISCRIMINATION UNDER FEDERAL LAW

28. Defendants incorporate their responses to paragraphs 1 through 27 of the Complaint as if set forth fully herein.

29. Defendants admit that paragraph 29 contains text of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. section 2000e. Defendants deny that they violated Title VII.

30. Defendants deny the allegations of paragraph 30.

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
### UNDER FEDERAL LAW

31. Defendants incorporate their responses to paragraphs 1 through 30 of the Complaint as if set forth fully herein.

32. Defendants admit that paragraph 32 contains text of 42 U.S.C. § 1985(3). Defendants deny that they violated 42 U.S.C. § 1985(3).

33. Defendants deny the allegations of paragraph 33.

### AS AND FOR A FOURTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER FEDERAL LAW

34. Defendants incorporate their responses to paragraphs 1 through 33 of the Complaint as if set forth fully herein.

35. Defendants admit that the Age Discrimination in Employment Act (ADEA), 29 U.S.C. section 621, *et seq*.; protects individuals who are over forty (40) years of age from employment discrimination based on age. Defendants further admit that under the ADEA it shall be unlawful to discriminate against a person because of his/her age with respect to any term, condition, or privilege of employment, including, but not limited to, hiring, firing, promotion,

layoff, compensation, benefits, job assignments, and training. Defendants deny that they violated the ADEA. Defendants deny the remaining allegations of paragraph 35.

36. Defendants deny the allegations of paragraph 36.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION AND VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS

37. Defendants incorporate their responses to paragraphs 1 through 36 of the Complaint as if set forth fully herein

38. Defendants deny the allegations of paragraph 38.

## AS AND FOR A SIXTH CAUSE OF ACTION
## FOR DISCRIMINATION AND VIOLATION OF THE PLAINTIFF'S RIGHTS UNDER THE NEW YORK CONSITITUTION

39. Defendants incorporate their responses to paragraphs 1 through 38 of the Complaint as if set forth fully herein.

40. Defendants admit that paragraph 40 contains text of Article 1, section 11, *et seq.*, of the New York State Constitution. Defendants deny that they violated Article 1, section 11, *et seq.*, of the New York State Constitution.

41. Defendants deny the allegations of paragraph 41.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

42. Defendants incorporate their responses to paragraphs 1 through 41 of the Complaint as if set forth fully herein.

43. Defendants admit that paragraph 43 contains text of New York State Executive Law section 291, *et seq.* Defendants deny that they violated New York State Executive Law section 291, *et seq*

44. Defendants deny the allegations of paragraph 44.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

45. Defendants incorporate their responses to paragraphs 1 through 44 of the Complaint as if set forth fully herein.

46. Defendants admit that paragraph 46 contains text of New York State Executive Law section 296(1)(a). Defendants deny that they violated New York State Executive Law section 296(1)(a).

47. Defendants deny the allegations of paragraph 47.

## AS AND FOR A NINTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

48. Defendants incorporate their responses to paragraphs 1 through 47 of the Complaint as if set forth fully herein.

49. Defendants admit that paragraph 49 contains text of New York State Executive Law section 296 (1-a). Defendants deny that they violated New York State Executive Law section 296 (1-a).

50. Defendants deny the allegations of paragraph 50.

## AS AND FOR A TENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER NEW YORK STATE LAW

51. Defendants incorporate their responses to paragraphs 1 through 50 of the Complaint as if set forth fully herein.

52. Defendants admit that paragraph 46 contains text of New York State Executive Law section 296(6). Defendants deny that they violated New York State Executive Law section 296(6).

53. Defendants deny the allegations of paragraph 53.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
### DISCRIMINATION UNDER STATE LAW

54.     Defendants incorporate their responses to paragraphs 1 through 53 of the Complaint as if set forth fully herein.

55.     Defendants admit that paragraph 55 contains text of New York State Civil Rights Law section 40-c.  Defendants deny that they violated New York State Civil Rights Law section 40-c.

56.     Defendants deny the allegations of paragraph 56.

### INJURY AND DAMAGES

57.     Plaintiff's request for damages does not require a response.  To the extent a response is required, Defendants deny the allegations of Plaintiff's request for damages and deny that Plaintiff is entitled to any damages or to the damages she specifically seeks.

### RESERVATION OF RIGHTS

58.     Defendants deny that Plaintiff has any right to amend the Complaint beyond those provided in the Federal Rules of Civil Procedure.

### JURY DEMAND

59.     Plaintiffs' demand for jury trial does not require a response.

60.     Defendants deny all allegations of the Complaint not specifically admitted herein.

### REMEDY

Defendants deny that Plaintiff is entitled to a judgment against Defendants.  Plaintiff's request for remedy and request for damages do not require a response.  To the extent a response is required, Defendants deny that Plaintiff is entitled to any relief or to the remedies or damages she specifically seeks.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim, either in whole or in part, upon which relief can be granted.

2. Defendants did not violate Plaintiff's rights under Title VII of the Civil Right Act of 1964, as amended, the Age Discrimination in Employment Act, or any other federal, state or county statute or ordinance, or discriminate or retaliate against Plaintiff in any way.

3. Plaintiff's claims may be barred, either in whole or in part, by the applicable statute of limitations.

4. Plaintiffs claims are barred to the extent they exceed the scope of her charge of discrimination with the U.S. Equal Employment Opportunity Commission and/or the New York State Division of Human Rights.

5. Plaintiff is not entitled to punitive damages under federal or state law.

6. Plaintiff's claims for exemplary or punitive damages are barred because Defendants engaged in good faith efforts to comply with civil rights laws.

7. Plaintiff's damages claims are subject to applicable state and federal damages caps, including but not limited to 42 U.S.C. §1981a, and New York State Executive Law § 297.

8. Plaintiff is not entitled to punitive damages because she does not have a valid claim for compensatory damages.

9. Plaintiff did not suffer a tangible adverse employment action.

10. After-acquired evidence regarding Plaintiff's application, if discovered, may bar some or all of Plaintiff's claims, allegations or alleged damages.

11. Plaintiff is not entitled to recover any punitive damages or exemplary damages on the ground that any award of punitive damages or exemplary damages under New York law as

applied to the facts of this specific action would violate 7-Elevens's constitutional rights under provisions of the United States and New York Constitutions, including but not limited to the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution.

12. Plaintiff's claims are barred on the ground that any decisions made by Defendants with respect to Plaintiff were based on legitimate, nondiscriminatory business-related reasons.

13. Plaintiff's claims based on Title VII, the ADEA and New York State Human Rights Laws are barred because there was no employer/employee relationship between Plaintiff and Defendants.

14. Plaintiffs claims based upon violation of the United States Constitution and the New York State constitution are barred because Defendants are not state actors.

15. Plaintiff conspiracy claim is barred by the intracorporate conspiracy doctrine.

16. Plaintiff's claims are barred due to a failure of a condition precedent.

17. Plaintiff's claims may be barred, either whole or in part, by the doctrine of unclean hands.

18. Plaintiff's request for specific performance cannot be granted because there was never a contractual relationship between Plaintiff and Defendants.

19. Defendants reserve the right to assert any additional defenses that may become relevant or apparent through the course of discovery or otherwise during the course of this proceeding.

WHERFORE, Defendants respectfully request that the Court dismiss the Complaint with prejudice, award 7-Eleven its costs incurred in defending against this action, including attorneys' fees, and any further relief that the Court deems appropriate.

Dated: September 27, 2007                            **BARTON BARTON & PLOTKIN LLP**


                                                     By: /s/ Thomas P. Giuffra_____
                                                         Thomas P. Giuffra (TG 1274)

                                                     *Attorneys for Defendants*
                                                     420 Lexington Avenue, 18th Floor
                                                     New York, NY 10170
                                                     (212) 687-6262

                                                     Eric A. Welter (*Motion for admission pro hac vice to be submitted*)
                                                     **WELTER LAW FIRM, P.C.**
                                                     720 Lynn Street, Suite B
                                                     Herndon, Virginia 20170
                                                     (703) 435-8500

To:   Angela DiPilato
      541 Pelham Road, Suite 2J
      New Rochelle, New York 10805
      (914) 563-4510