UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ANGELA DIPILATO,

                      Plaintiff,                      **ORDER**

      -against-

                                                    07 Civ. 7636 (CS) (GAY)

7-ELEVEN, INC., JEANNE LYNCH, MARTINA
HAGLER, and ARTHUR RUBINETT,

                      Defendants.
---------------------------------------------------------------X

Rule 15(a)(2) of the Federal Rules of Civil Procedure allows the Court to grant leave to amend a complaint "when justice so requires." It is within the sound discretion of the Court whether to grant such leave. See Foman v. Davis, 371 U.S. 178, 182 (1962). Leave to amend need not be granted, however, where the proposed amendment would be "futile." Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 18 (2d Cir. 1997).

Plaintiff's proposed First Amended Complaint With Jury Demand seeks to add well over a dozen causes of action. They are: (1) the "publication of injurious falsehoods"; (2) the tortious interference of a prospective contract; (3) fraud; (4) the intentional infliction of emotional distress; (5) race discrimination pursuant to 42 U.S.C. § 1981; (6) the "violation of the doctrine of promissory estoppel"; (7) a violation of the "covenant of good faith and fair dealing" pursuant to federal and state laws and the Uniform Commercial Code ("UCC"); (8) a breach of "implied covenant to comply with the law" pursuant to New York General Business Law § 683 et seq.; (9) negligent infliction of emotional distress; (10) negligent supervision; (11) a violation of the Clayton

Act (15 U.S.C. §§ 12, 13(e); (12) fraudulent and unlawful business practices in violation of New York General Business Law § 687; (13) false advertisement pursuant to New York General Business Law §396-b; (14) a violation of advertisement disclosure requirements pursuant to New York General Business Law § 683(11); (15) a violation of the Equal Credit Opportunity Act (15 U.S.C. § 1691(a)(1) et seq.); and (16) a violation of the Sherman Act §§ 1-3.

However, construing the claims broadly as plaintiff is proceeding pro se, she has failed to set forth sufficient elements of the claims. Therefore these claims would be futile in that they do not set forth sufficient claims. Plaintiff also seeks to add as parties Seven-Eleven Japan Co., Ltd. ("SEJ"); SEJ Services, LLC.; SEJ Finance, LLC.; and Seven & I Holding Co., Ltd. Because plaintiff's claims are futile so too would be including these additional defendants.

Simply stated, plaintiff has not adequately alleged these additional claims. Accordingly, plaintiff's motion to amend the complaint is DENIED.

Date: March 19, 2009
White Plains, New York

SO ORDERED:

_____
GEORGE A. YANTHIS
UNITED STATES MAGISTRATE JUDGE