UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ANGELA DIPILATO,

                                        Plaintiff,                    07-CV-7636 (CS)(GAY)

            - against -                                               **ORDER
                                                                      ADOPTING REPORT
7-ELEVEN, INC., JEANNE LYNCH, MARTIN                                  AND RECOMMENDATION**
HAGLER, and ARTHUR RUBINETT,

                                        Defendants.

------------------------------------------------------------------------x

Appearances:

Angela DiPilato
Pompano Beach, Florida
Pro Se *Plaintiff*

Thomas P. Giuffra, Esq.
Barton Barton & Plotkin LLP
New York, New York

Eric A. Welter, Esq.
Welter Law Firm, P.C.
Herndon, Virginia
*Counsel for Defendant*s

Seibel, J.

        Before the Court is the March 19, 2009 Report and Recommendation of Magistrate Judge

George A. Yanthis[1] ("R&R"), (Doc. 36), recommending that summary judgment be granted to

------------------------------

        [1]    By Order dated September 13, 2007, the Honorable Charles L. Brieant referred
this matter to Magistrate Judge Yanthis for all purposes permitted by law. (Doc. 4). Judge
Brieant passed away on July 21, 2008. The case was reassigned to me on August 5, 2008. (Doc.
32.)

defendants in part and denied in part.[2]  On March 25, 2009, Plaintiff filed a document entitled

"Plaintiffs Objections to the Report and Recommendation." (Doc.38).  That document, however,

objected only to an Order of Judge Yanthis, also dated March 19, 2009 (the "Order"), (Doc. 37),

denying Plaintiff's application – made verbally, (*see* Doc. 23), and in her opposition to

Defendants' Motion, (*see* Doc. 23) – to file an amended complaint.

The R&R

      A district court reviewing a magistrate judge's report and recommendation "may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1)(C).  Parties may raise objections to the magistrate judge's report

and recommendation, but they must be "specific," "written," and submitted "[w]ithin 10 days

after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2);

*accord* 28 U.S.C. § 636(b)(1)(C).  A district court must conduct a *de novo* review of those

portions of the report or specified proposed findings or recommendations to which timely

objections are made.  28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge

may accept, reject, or modify the recommended disposition; receive further evidence; or return

the matter to the magistrate judge with instructions.").  The district court may adopt those

portions of a report and recommendation to which no timely objections have been made,

provided no clear error is apparent from the face of the record.  *Lewis v. Zon*, 573 F. Supp. 2d

804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R.

Civ. P. 72 advisory committee's note (b).  In addition, "[t]o the extent . . . that the party makes

---

    [2]      Judge Yanthis converted Defendants' Motion to Dismiss, (Doc. 13), to a motion
for summary judgment pursuant to Fed. R. Civ. P. 56.  (R&R at 1-3).

only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 U.S. Dist. LEXIS 92267, at *2 (S.D.N.Y. Oct. 31, 2008)[3]; *see Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (internal quotation marks omitted)). A decision is "clearly erroneous" when the Court is, "upon review of the entire record, [] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006).

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, 05-CV-6527, 2008 U.S. Dist. LEXIS 74488, at *3-4 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted); *accord Evans v. Ericole*, No. 06-CV-3684, 2008 U.S. Dist. LEXIS 91556, at *2-3 (S.D.N.Y. Nov. 10, 2008) (reviewing report and recommendation for clear error where *pro se* plaintiff made only general objection); *Harden v. Laclaire*, No. 07-CV-4592, 2008 U.S. Dist. LEXIS 86582, at *1 (S.D.N.Y. Oct. 27, 2008)

---

3 Plaintiff will be provided with copies of all unpublished decisions cited in this Order.

(same).  An objection to a report and recommendation in its entirety does not constitute a

specific written objection within the meaning of Rule 72(b).  *See Healing Power, Inc. v. Ace

Cont'l Exps., Ltd.*, No. 07-CV-4175, 2008 U.S. Dist. LEXIS 83021, at *2-3 (E.D.N.Y. Oct. 17,

2008) (finding general objection to report and recommendation not specific enough to constitute

Rule 72(b) objection); *Hazen v. Perlman*, No. 05-CV-1262, 2008 U.S. Dist. LEXIS 73708, at *2

(N.D.N.Y Sept. 9, 2008) (reviewing report and recommendation for clear error where *pro se*

plaintiff did not specifically object to any particular portion of report).

 Here Plaintiff has objected only "to the following portions of the report and

recommendation: (1) that Plaintiff should have been allowed to amend the complaint to include"

four of the sixteen causes of action as to which Judge Yanthis denied leave to amend.

(Objections at 1.)[4]  Those "portions," however, are not part of the R&R, but rather are part of the

separate Order issued the same date.  There having been no objection to the R&R, I review it for

clear error.  I discern from the face of the record no clear error in R&R's recommendations,

which appear to be justified in light of the controlling law, and accordingly adopt the R&R as the

decision of this Court.

The Order

 The standard of review for a magistrate judge's order depends on whether the order is

dispositive.  *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72.  When reviewing a dispositive order, "a

judge of the court shall make a *de novo* determination of those portions of the report or specified

---

[4] The four causes of action are: 1) violation of advertisement disclosure obligations under N.Y. General Business Law § 683(11); 2) fraudulent and unlawful business practices in violation of N.Y. General Business Law § 687; 3) fraud; and 4) deceptive trade practices in violation of N.Y. General Business Law § 349.

proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b). When reviewing a pretrial order regarding non-dispositive issues, a district court judge may only reconsider the order "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see* Fed. R. Civ. P. 72(a).

While some District Courts within the Second Circuit have suggested that a motion for leave to amend may be dispositive when denied, *see Schiller v. City of New York*, No. 04-CV-7922, 2009 U.S. Dist. LEXIS 15551, at *8-9 (S.D.N.Y. Feb. 27, 2009), the weight of authority appears to be that such motions are non-dispositive regardless of the outcome. *See Wilson v. City of New York*, No. 06-CV-229, 2008 U.S. Dist. LEXIS 35461, at *9-11 (E.D.N.Y. April 30, 2008) (collecting cases); *Narine v. Dave West Indian Products Corp.*, No. 07-CV-657, 2007 U.S. Dist. LEXIS 82866, at *1-2 n.1 (E.D.N.Y. Nov. 7, 2007) (same). Indeed, the Court of Appeals has more than once described a motion to amend the complaint as non-dispositive. *See Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007); *Kilcullen v. New York State Dep't of Transp.*, 55 Fed. App'x 583, 584, 2003 U.S. App. LEXIS 607, at *3 (2d Cir. Jan. 15, 2003). Accordingly, I review for clear error Judge Yanthis' denial of Plaintiff's motion to amend.

Plaintiff argues that Judge Yanthis overlooked the fact that Defendants represented themselves to be an "equal opportunity employer." (Objections at 2.)[5] There is no indication that

---

[5]     Plaintiff's proposed First Amended Complaint alleges not that Defendant 7-Eleven advertised itself as an "equal opportunity employer," but rather as an "'Equal Employment Opportunity' Company," and an "Equal Opportunity Organization." (Proposed First Amended Complaint ¶ 33.) As the R&R makes clear, the distinction between an "employer" and a "company" or "organization" is in this context an important one. *See* R&R at 8-14.

Judge Yanthis overlooked that allegation or any other allegation made by Plaintiff, nor does it appear that Defendant having held itself out as such would render erroneous Judge Yanthis' conclusion that Plaintiff had not made out the elements of her proposed claims under New York State General Business Law §§ 683(11), 687, 349 or for common law fraud. Having reviewed the elements of those causes of action, I concur with Judge Yanthis that Plaintiff's allegations – which amount to alleged discrimination on the basis of age, gender and marital status in the awarding of a franchise, not fraud in the terms of a franchise contract or relationship – are insufficient.[6]

Conclusion

On the basis of the foregoing, summary judgment is GRANTED to all Defendants on all claims, except that summary judgment is DENIED as to: 1) the claim against Defendants 7-Eleven and Lynch under New York State Human Rights Law § 296(5)(b); and 2) the claim against all Defendants under New York Civil Rights Law § 40-c. The Order denying leave to amend is AFFIRMED. The Clerk is respectfully directed to terminate the pending motion. (Doc. 13.)

---

[6]     For example, claims under Section 349 require that the alleged deceptive acts be directed at consumers, *see Andre Strishak & Assocs., P.C. v. Hewlett Packard Co.*, 752 N.Y.S.2d 4000, 402 (2d Dep't 2002); private actions for violations of Sections 683(11) and 687 may, pursuant to N.Y. General Business Law Section 691, be brought only by actual (not prospective) franchisees, *see Chu v. Dunkin' Donuts*, 27 F. Supp. 2d 171, 175 (E.D.N.Y. 1998); *Olivieri v. McDonald's Corp.*, 678 F. Supp. 996, 1000 (E.D.N.Y. 1988); and fraud claims under New York common law, which are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b), *see Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004), require that the allegedly fraudulent statements be made with knowledge of falsity and the intent to induce reliance, *see Carroll v. LeBoeuf, Lamb, Lieby & MacCrae, LLP*, 623 F. Supp. 2d 504, 510 (S.D.N.Y. 2009). Discriminated in the awarding of a franchise – even by a company that represents itself as an equal opportunity organization – does not amount to fraud, false advertising or fraudulent or deceptive trade or business practice.

-6-

**SO ORDERED.**

Dated: August 25, 2008
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.